IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-03066-RM-KLM

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.

JOSE TREJO,

    Defendant.

___

**ORDER**
___

This matter is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 14) and Defendant's Cross-Motion for Summary Judgment (ECF No. 19). For the reasons given below, Plaintiff's motion is granted, and Defendant's motion is denied.

**I.    BACKGROUND**

This diversity insurance case presents an issue of first impression under Colorado law. The material facts are not disputed. Plaintiff issued a commercial auto insurance policy to Defendant's employer. (ECF No. 23-1 at ¶ 10.) Defendant was seriously injured in an auto accident caused solely by a co-employee's negligence while both were acting in the course and scope of their employment. (*Id.* at ¶¶ 4, 7.) Defendant's employer was in compliance with the Workers' Compensation Act of Colorado ("WCA"), and Defendant received workers' compensation benefits for his injuries. (*Id.* at ¶ 9.)

The parties agree that the WCA immunizes Defendant's employer and the co-employee from suit by Defendant for his injuries related to the accident. *See* Colo. Rev. Stat. §§ 8-41-102, -104; *see also Kandt v. Evans*, 645 P.2d 1300, 1304-05 (Colo. 1982). Nevertheless, Defendant claims he is entitled to uninsured/underinsured motorist ("UM/UIM") coverage under Plaintiff's policy. (ECF Nos. 1 at ¶ 10; 7 at ¶ 10.) Plaintiff filed this declaratory judgment action, seeking a ruling that it is not obligated to pay Defendant's claim.

Plaintiff argues that Defendant's claim must fail because he is not legally entitled to recover damages under the policy. Defendant argues that he is legally entitled to recover under the policy because he would prevail on a negligence claim for personal injury damages against the co-employee were it not for the WCA. Defendant's response to Plaintiff's motion for summary judgment is nearly identical to his cross-motion for summary judgment, and the same issue underlies both motions pending before the Court: whether Defendant's claim is barred as a matter of law.

## II. LEGAL STANDARDS

The parties agree that the Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides the proper legal mechanism to resolve this matter, and the Court concurs. *See Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Assoc., Inc.*, 685 F.3d 977, 980 (10th Cir. 2012) ("[C]ourts [have] the power, but not the duty, to hear claims for declaratory judgment."). Moreover, summary judgment is appropriate here because there is no genuine dispute of material fact and the resolution of this dispute turns on a question of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).

The parties further agree that Colorado law governs the dispute. The Court determines issues of state law as it believes the highest state court would decide them. *See Clark v. State Farm Mut. Auto. Ins. Co.*, 391 F.3d 1234, 1240 (10th Cir. 2003). Decisions of the Colorado Court of Appeals, while not binding on this Court, are indicative of how the state supreme court would decide an issue. *See id.* at 1240-41.

### III. DISCUSSION

This case requires the Court to examine the interplay between the WCA and Colorado's UM/UIM statute, Colo Rev. Stat. § 10-4-609. Although there is no state supreme court authority directly on point, a division of the Colorado Court of Appeals recently analyzed the interplay between these areas of law in *American Family Mutual Insurance Co. v. Ashour*, 2017 COA 67, 410 P.3d 753, *cert. denied*, 2018 WL 495647. The *Ashour* division's analysis of relevant state precedent and law from other jurisdictions provides useful guidance in resolving this matter.

Ordinarily, the WCA provides "the *exclusive* remedy to a covered employee" who is injured on the job. *Id.* at ¶ 17. Nevertheless, in *Ashour*, the division ruled that an injured employee who received workers' compensation benefits could still pursue a claim for UIM coverage under his personal auto insurance policy. *Id.* at ¶ 1. Interpreting the same language at issue in this case, the division found that Ashour was still "legally entitled to recover" under his personal policy because the public policies behind the WCA and the UIM statute were not in conflict. *Id.* at ¶ 71.

In reaching this conclusion, the division discussed *Borjas v. State Farm Mutual Automobile Insurance, Co.*, 33 P.3d 1265, 1269 (Colo. App. 2001), where another division of the court concluded that an insured could still bring a UM claim against her own insurer even though

3

the tortfeasor was entitled to immunity under the Colorado Governmental Immunity Act ("CGIA"). The *Borjas* division found that persons and entities entitled to immunity under the CGIA would be unaffected by allowing the insured to bring such a claim, and thus the public policies of the UM/UIM statute and the CGIA could be served simultaneously. *Id.*

Based on similar reasoning, the *Ashour* division determined that allowing Ashour to bring his claim would not hinder the public policy of the WCA, which is to provide a speedy and reliable source of compensation for injured workers. *Ashour*, ¶ 66. Allowing Ashour "to claim benefits from his own insurance carrier would not in any way affect the immunity provided to his employer and co-employee by the [WCA]" because "Ashour did not seek to recover additional damages from his immune employer or co-employee; instead, *he sought only to enforce the terms of his insurance policy and recover benefits from his own insurer.*" *Id.* at ¶ 71 (emphasis added). Thus, the public policies of the UM/UIM statute and the WCA could both be served, and Ashour was legally entitled to recover under his policy. *Id.*

Defendant's claim is readily distinguishable from those of the plaintiffs in *Ashour* and *Borjas*. First, those plaintiffs were found to be legally entitled to recover under their personal auto insurance policies. Defendant seeks to recover under his employer's policy, not his own. Defendant cites no authority for the illogical proposition that he is legally entitled to recover from his employer's insurer, i.e. Plaintiff, even though his employer and co-employee have WCA immunity.

Moreover, this distinction also matters because allowing Defendant to recover additional damages that derive from his immune employer and co-employee would erode the public policy behind the WCA. Indeed, such an approach could also undermine the public policy behind the

4

UM/UIM statute, which is to make such coverage available to motorists. Defendant did not decide to obtain coverage under a policy through Plaintiff, and he did not pay the premiums required under it. Allowing employees to recover under their employer's policies under these circumstances could discourage them from purchasing coverage of their own. For analogous reasons, in *Continental Divide Insurance Co. v. Dickinson*, 179 P.3d 202, 207 (Colo. App. 2007), also discussed in *Ashour*, a division of the court rejected the notion that an independent contractor who had the opportunity to obtain insurance coverage but chose not to could not recover damages though the employer's UM/UIM insurance. Accordingly, the Court is not persuaded that Colorado courts would grant Defendant a windfall under these circumstances.

Accordingly, the Court finds that the approach advocated by Plaintiff is supported under Colorado law, and the approach advocated by Defendant is not. This legal conclusion bars Defendant's claim for UM/UIM benefits under his employer's policy and provides a basis to resolve both pending motions.

## IV. CONCLUSION

Therefore, the Court GRANTS Plaintiff's Motion for Summary Judgment (ECF No. 14) and DENIES Defendant's Cross-Motion for Summary Judgment (ECF No. 19). The Clerk is directed to CLOSE this case.

DATED this 3rd day of June, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge